# 22-2933

## United States Court of Appeals
*for the*
## Second Circuit

Jimmie Hardaway, Jr., Larry A. Boyd, Firearms Policy Coalition, Inc., Second Amendment Foundation, Inc.,

*Plaintiffs-Appellees,*

– v. –

Steven G. James, in his official capacity as Superintendent of the New York State Police,

*Defendant-Appellant,*

Brian D. Seaman, in his official capacity as District Attorney for the County of Niagara, New York, John J. Flynn, in his official capacity as District Attorney for the County of Erie, New York,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK (BUFFALO)

**SUPPLEMENTAL BRIEF FOR DEFENDANT-APPELLEE
BRIAN D. SEAMAN, IN HIS OFFICIAL CAPACITY AS DISTRICT
ATTORNEY FOR THE COUNTY OF NIAGARA, NEW YORK**

GIBSON, MCASKILL & CROSBY, LLP
Brian P. Crosby, Esq.
Melissa M. Morton, Esq.
Claude A. Joerg, Esq.
*Attorneys for Defendant-Appellee
Brian D. Seaman, in his official
capacity as District Attorney for the
County of Niagara, New York*
69 Delaware Avenue, Suite 900
Buffalo, New York 14202
(716) 856-4200

COUNSEL PRESS   (800) 4-APPEAL • (332286)

# TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES ................................................................................. ii
PRELIMINARY STATEMENT ............................................................................1
RELEVANT PROCEDURAL HISTORY ............................................................1
ARGUMENT ..........................................................................................................4
CONCLUSION .......................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*United States v. Rahimi*,
 602 U.S. __, 144 S. Ct. 1889 (2024) ......................................................2, 3, 6

## PRELIMINARY STATEMENT

Defendant-appellee, Brian D. Seaman, in his official capacity as District Attorney for the County of Niagara, New York Sheriff ("Defendant-Appellee Seaman"), hereby submits the instant supplemental brief in response to the Court's Order, dated August 7, 2024, requesting supplemental briefing on the issue of how *United States v. Rahimi* affects the judgment of this Court rendered on December 8, 2023. (Docket No. 22-2933, Doc. No. 196). Defendant-Appellee Seaman respectfully requests the Court vacate the Order that was entered on August 7, 2024 which recalled the mandate that was entered by this Court on December 8, 2023, and reinstate the judgment that was entered on December 8, 2023 with respect to the instant appeal.

## RELEVANT PROCEDURAL HISTORY

Four separate appeals were before this Court: *Hardaway, et al. v. James, et al.* (Docket No. 22-2933) (the "*Hardaway* Appeal"); *Antonyuk, et al. v. James, et al.* (Docket No. 22-2908 (the "*Antonyuk* Appeal"); *Christian, et al. v. James, et al.* (Docket No. 22-2987) (the "*Christian* Appeal"); and *Spencer, et al. v. James, et al.* (Docket No. 22-3237) (the "*Spencer* Appeal"). (*Hardaway* Appeal, Docket No. 22-2933, Doc. No. 176-1). Defendant-Appellee Seaman is a party to the *Hardaway* Appeal only. (*Id.* at p. 2). In the underlying action for each appeal, the plaintiffs-appellees challenged the constitutionality of New York State's Concealed Carry

1

Improvement Act ("CCIA") and sought injunctions to prevent the enforcement of the CCIA. (*Id.* at pp. 1-31). The district courts enjoined enforcement of the CCIA, which subsequently resulted in the aforementioned appeals to this Court. (*Id.*).

On March 20, 2023, this Court heard oral argument in tandem with respect to the four appeals. (*Id.* at p. 15). Following oral argument, this Court issued a single opinion on December 8, 2023 resolving each appeal. (*Id.*). Additionally, a separate judgment was entered on December 8, 2023 in each appeal. (*Hardaway* Appeal, Docket No. 22-2933, Doc. No. 184; *Antonyuk* Appeal, Docket No. 22-2908, Doc. No. 421; *Christian* Appeal, Docket No. 22-2987, Doc. No. 167; *Spencer* Appeal, Docket No. 22-3237, Doc. No. 107).

Following the Court's entry of judgment in each of the appeals, only the plaintiffs-appellees in the *Antonyuk* Appeal (the "*Antonyuk* Plaintiffs") filed a petition for writ of certiorari with the Supreme Court. (*Antonyuk* Appeal, Docket No. 22-2908, Doc. No. 424; *compare with Hardaway* Appeal, Docket No. 22-2933; *Christian* Appeal, Docket No. 22-2987; *Spencer* Appeal, Docket No. 22-3237). The petition was filed on February 20, 2024. (*Antonyuk* Appeal, Docket No. 22-2908, Doc. No. 424).

While the *Antonyuk* Plaintiffs' petition for writ of certiorari was pending, the Supreme Court decided *United States v. Rahimi*, 602 U.S. __, 144 S. Ct. 1889 (2024) on June 21, 2024. Thereafter, on July 2, 2024, Supreme Court granted the *Antonyuk*

2

Plaintiffs' petition for writ of certiorari, vacated the *Antonyuk* Plaintiffs' judgment, and remanded the *Antonyuk* Appeal to this Court for further consideration in light of its recent decision in *United States v. Rahimi*. (*Antonyuk* Appeal, Docket No. 22-2908, Doc. No. 425).

The Clerk of the Supreme Court issued a notice to the Clerk of the United States Court of Appeals for the Second Circuit on July 2, 2024, advising that the Supreme Court entered the aforementioned order. (*Id.*). While the notice specifically indicated that the Supreme Court's order was entered with respect to the *Antonyuk* Appeal only (*i.e.*, "the above-entitled case"), the notice erroneously referenced all of the docket numbers for each of the separate appeals. (*Antonyuk* Appeal, Docket No. 22-2908, Doc. No. 425). Consequently, this notice was filed to the docket of the other appeals, including the *Hardaway* Appeal. (*Hardaway* Appeal, Docket No. 22-2933, Doc. No. 188. *See also Christian* Appeal, Docket No. 22-2987, Doc. No. 173; *Spencer* Appeal, Docket No. 22-3237, Doc. No. 111). Additionally, on August 5, 2024, the Supreme Court issued a judgment with respect to the *Antonyuk* Appeal specifically (*Antonyuk* Appeal, Docket No. 22-2908, Doc. No. 427), but the judgment was also filed to the docket of the other appeals, including the *Hardaway* Appeal, due to the erroneous reference to all of the docket numbers for each of the separate appeals. (*Hardaway* Appeal, Docket No. 22-2933,

3

Doc. No. 190. *See also Christian* Appeal, Docket No. 22-2987, Doc. No. 173; *Spencer* Appeal, Docket No. 22-3237, Doc. No. 113).

Notwithstanding that none of the plaintiffs-appellees in the *Hardaway* Appeal (the "*Hardaway* Plaintiffs") petitioned the Supreme Court for a writ of certiorari, on August 7, 2024, this Court issued an order in the *Hardaway* Appeal, as well as the other appeals, ordering the parties to "submit supplemental briefing on the issue of how *United States v. Rahimi* affects the judgment of this Court rendered on December 8, 2023." (*Hardaway* Appeal, Docket No. 22-2933, Doc. No. 192). This Court issued two further orders in the *Hardaway* Appeal on August 7, 2024. One order recalled this Court's December 8, 2023 judgment (*id.* at Doc. No. 194) while the other order reinstated the *Hardaway* Appeal and restored jurisdiction to this Court (*id.* at Doc. No. 195).

## **ARGUMENT**

As discussed above, the *Hardaway* Appeal is one of four separate appeals that came before this Court. In the underlying actions for each appeal, the plaintiffs challenged the constitutionality of the CCIA, but different provisions were at issue in each case. For example, only the place of worship sensitive locations provision of the CCIA was at issue in the *Hardaway* Appeal. By contrast, several provisions of the CCIA, including the place of worship sensitive locations provision, were at issue in the *Antonyuk* Appeal. While this Court heard and decided the four appeals

in tandem, issuing a single opinion, a separate judgment was entered in each appeal. Only the *Antonyuk* Plaintiffs filed a petition for writ of certiorari with the Supreme Court seeking further review of this Court's judgment, which was separately entered in each appeal. None of the *Hardaway* Plaintiffs filed a petition for writ of certiorari with the Supreme Court. Therefore, only the judgment of this Court which was entered in the *Antonyuk* Appeal was presented to the Supreme Court for review. The judgment of this Court which was entered in the *Hardaway* Appeal was not presented to the Supreme Court for review.

The notices this Court received from the Clerk of the Supreme Court confirm that only the *Antonyuk* Appeal was before the Supreme Court, as the notices specifically reference "the above-entitled case," which is the *Antonyuk* Appeal. However, as is evident from the face of the notices, the docket numbers for the *Hardaway* Appeal, the *Christian* Appeal, and the *Spencer* Appeal were mistakenly included with the notices from the Clerk of the Supreme Court, despite the fact that the plaintiffs-appellees in those appeals did not file a petition for writ of certiorari with the Supreme Court. Thus, it is respectfully submitted that this Court should not have recalled the mandate it entered in the *Hardaway* Appeal on December 8, 2023.

Moreover, a review of the *Antonyuk* Plaintiffs' petition for writ of certiorari demonstrates that the *Antonyuk* Plaintiffs were challenging specific findings of this Court which were not made in the *Hardaway* Appeal. While the place of worship

5

sensitive locations provision was at issue in the *Hardaway* Appeal and the *Antonyuk* Appeal, this Court addressed other legal issues in the *Antonyuk* Appeal that were not present in the *Hardaway* Appeal or its underlying action. The Supreme Court's decision in *United States v. Rahimi* bears on the issues that were raised in the *Antonyuk* Plaintiffs' petition for writ of certiorari, hence its decision to grant the *Antonyuk* Plaintiffs' petition for certiorari, vacate the judgment in the *Antonyuk* Appeal, and remand the *Antonyuk* Appeal to this Court for further consideration in light of *United States v. Rahimi*.

The Supreme Court's decision in *United States v. Rahimi* does <u>not</u> bear on any of the issues that were addressed in this Court's decision with respect to the *Hardaway* Appeal. This Court's decision with respect to the *Hardaway* Appeal specifically rested on mootness grounds, which was not raised in the *Antonyuk* Plaintiffs' petition for writ of certiorari or addressed by the Supreme Court in *United States v. Rahimi*. Therefore, *United States v. Rahimi* does not affect the judgment of this Court rendered on December 8, 2023 as it relates to the *Hardaway* Appeal.

## **CONCLUSION**

For the reasons set forth herein, Defendant-Appellee Seaman respectfully requests the Court vacate the Order that was entered on August 7, 2024 which recalled the mandate that was entered by this Court on December 8, 2023, and

reinstate the judgment that was entered in the *Hardaway* Appeal on December 8, 2023.

Dated:     Buffalo, New York
            August 30, 2024

                                  Respectfully submitted,

                                  **GIBSON, McASKILL & CROSBY, LLP**

By:    /s/ *Brian P. Crosby*
                               Brian P. Crosby, Esq.
                               Melissa M. Morton, Esq.
                               Claude A. Joerg, Esq.
*Attorneys for Defendant-Appellee Brian D. Seaman, in his official capacity as the District Attorney for the County of Niagara, New York*
69 Delaware Avenue, Suite 900
Buffalo, New York 14202
Telephone: (716) 856-4200
Email:    bcrosby@gmclaw.com
             mmorton@gmclaw.com
             cjoerg@niagaracounty.com

7

## CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(a)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B). It contains 1,419 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). It has been prepared in a proportionally spaced typeface using MS Word in 14 pt Times New Roman.

Dated: August 30, 2024